IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CLIFFORD JUNIOR WALKER, III,      )
                                  )
              Petitioner,         )
                                  )
      v.                          )      CV 116-203
                                  )      (Formerly CR 111-101)
UNITED STATES OF AMERICA,         )
                                  )
              Respondent.         )
                            _____

                          **O R D E R**
                            _____

After a careful, de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed (doc. no. 14). The Magistrate Judge recommended the motion filed pursuant to 28 U.S.C. § 2255 be denied for three reasons: (1) the motion is untimely; (2) the motion is barred by the valid collateral attack waiver; and (3) even if the motion were not untimely and barred by the waiver, Petitioner was appropriately sentenced as a career offender. (See doc. no. 10.) Petitioner's objections do not address, let alone call into question, the reasoned analysis in the R&R concerning untimeliness and the valid collateral attack waiver, both reasons requiring the § 2255 motion be denied.

As to the Magistrate Judge's conclusion that Petitioner was properly sentenced as a career offender based on his prior felony convictions for controlled substance offenses, Petitioner offers nothing to change the conclusion he is not entitled to relief. In fact, this

Court has recently rejected strikingly similar arguments and concluded <u>Mathis v. United States</u>, 579 U.S.-, 136 S. Ct. 2243 (2016), does not affect how prior drug offenses are (1) considered under the United States Sentencing Guidelines; and (2) used to determine whether a defendant qualifies for a career offender sentence enhancement under U.S.S.G. §§ 4B1.1 and 4B1.2. <u>Smith v. United States</u>, No. CV 617-047 / CR 608-030, 2017 WL 1745057, at *1 (S.D. Ga. May 3, 2017). Accordingly, the Court **OVERRULES** all of the objections, **ADOPTS** the R&R of the Magistrate Judge as its opinion, and therefore **DENIES** Petitioner's § 2255 motion without an evidentiary hearing or appointment of counsel.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a)

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 25th day of May, 2017, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

to the Rules Governing Section 2255 Proceedings.