IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
v.                            *     CR 111-101
                              *
CLIFFORD JUNIOR WALKER III    *

_____

O R D E R
_____

Defendant Clifford Junior Walker III has filed an "Emergency Motion for Compassionate Release/Reduction Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)(i)." The Government opposes the motion.[1] Upon due consideration, the Court denies Walker's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to grant release to a defendant if it finds that "extraordinary and compelling reasons"

---

[1] The Government points out that this case is on appeal from the Court's Order of August 5, 2020, which denied Walker's motion to reduce sentence pursuant to Section 404 of the First Step Act of 2018. Nevertheless, under Federal Rule of Criminal Procedure 37, this Court may defer considering the motion, deny the motion, or issue an indicative ruling that it would grant the motion if the case were remanded. Thus, Rule 37(a) allows the district court to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal. See Fed. R. Crim. P. 37 advisory committee note to 2012 adoption (stating that a district court can "entertain the motion and deny it"); cf. United States v. Blythe, 819 F. App'x 896, 897 n.1 (11th Cir. 2020) ("[A] district court retains jurisdiction to deny a motion attacking a judgment while an appeal from the judgment is pending, because the denial works 'in furtherance of the appeal.'").

warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Walker may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief.² To qualify as extraordinary and compelling, an

---

² Walker argues that the First Step Act of 2018 gives a district court authority to determine whether extraordinary and compelling

2

inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Walker presents no medical evidence that he meets either of these criteria. Rather, his argument is that he will likely meet the criteria *if* he contracts COVID-19. In this regard, Walker claims

---

reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. The Court disagrees. The First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

to suffer from hypertension, lymphadenopathy, and chest pain. He does not submit medical evidence to support his claim. Rather, the Government has submitted Walker's inmate medical records to present a more trustworthy account.

The Court has considered Walker's medical records in light of the Centers for Disease Control and Prevention's ("CDC") list of significant risk factors. First, the CDC reports the following conditions "are at increased risk of severe illness from COVID-19": cancer; chronic kidney disease; COPD; immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; and type 2 diabetes mellitus. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on October 28, 2020). Walker's medical records do not show that he suffers from any of these conditions. (See generally Gov't Resp. in Opp'n, Doc. 130, Ex. A.)  Walker, however, has been diagnosed with hypertension, which is listed by the CDC as a condition that "***might be*** at an increased risk" for severe illness for those that contract

4

COVID-19.[3]  *See* Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, supra (emphasis added). The Court is unwilling to conclude that a condition that "might" put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release.

In short, it is best remembered that Walker bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). He has not done so. His concern about the pandemic as it relates to his medical conditions is at this point too speculative to qualify as extraordinary and compelling.

Upon the foregoing, Defendant Clifford Junior Walker III's motion for compassionate release (doc. 129) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The medical records do not indicate that Walker suffers from lymphadenopathy or chest pain as claimed. Walker received a chest exam on April 20, 2020, which indicated that he was breathing comfortably with no wheezing or cackles. His cardiovascular assessment was also normal. Moreover, his lymph nodes were examined on this same day, and no lymphadenopathy was noted. (See Gov't Resp. in Opp'n, Ex. A at 23, 26.)